JOHANNE M. WESTERHAUSEN, administratrix of estate of Joseph S. Westerhausen, appellee, v. ALLIED MUTUAL INSURANCE COMPANY, appellant.

No. 51912.

(Reported in 140 N.W.2d 719)

MARCH 8, 1966.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellant.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellee.

LARSON, J.—The sole question presented by this appeal is whether the exclusion in the uninsured motorist provisions of a Family Automobile Policy of insurance is applicable so as to defeat plaintiff's claim filed thereunder. The trial court held it was not, and we agree.

The facts are not in dispute. On or about May 20, 1964, Joseph S. Westerhausen, plaintiff's decedent herein, while oper-

ating his two-wheel motorcycle on the streets of Des Moines, Iowa, was involved in an accident with an uninsured motorist, Dennis J. Ryan. At the time Mr. Westerhausen was insured under a Family Automobile Policy issued by the defendant, Allied Mutual Insurance Company. On June 12, 1964, Mr. Westerhausen died, and his wife, acting as the administratrix of his estate, made claim against Ryan for the alleged wrongful injuries and death of decedent. Being advised that Ryan and the automobile driven by him were uninsured at the time of the accident, plaintiff notified defendant of the facts and made claim against it under Part IV of the insurance policy, which provided protection against uninsured motorists. Defendant denied the claim upon the ground that Mr. Westerhausen was occupying an automobile, other than an insured automobile, owned by Mr. Westerhausen at the time of the accident, thus falling within the exclusion provided by subparagraph (a) set forth in Part IV of the policy. This suit followed to determine the rights of the parties.

Part IV of the involved policy provides:

"Uninsured Motorists (Damages for Bodily Injury). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration. * * *

"Exclusions. This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile."

The parties seem to agree that, had the insured been struck

by the Ryan vehicle while walking or riding a bicycle, he would have been covered under Part IV, and they have stipulated the only issue that need be determined in this case is whether the word "automobile", as used in the policy under the "Exclusions", means a motorcycle.

█ I. While there is some authority cited by appellant wherein a motorcycle has been included in the term "automobile", they are readily distinguishable and are not persuasive in this situation. We find the language of the policies construed in the cited cases is not similar to that in the policy before us. See Hartford Accident and Indemnity Co. v. Come (1956), 100 N. H. 177, 123 A.2d 267; Lang v. General Insurance Co. of America, 268 Minn. 36, 127 N.W.2d 541. The definition appellant cites in Black's Law Dictionary is not helpful here. It simply states the term "automobile" means "a vehicle for the transportation of persons or property on the highway, carrying its own motive power and not operated upon fixed tracks."

Appellant refers us to the definitions found in chapter 321 of the 1962 Code. For the purpose of that chapter, section 321.1, subsection 2, states: " 'Motor vehicle' means every vehicle which is self-propelled but not including vehicles known as trackless trolleys * * *. The term 'car' or 'automobile' shall be synonymous with the term 'motor vehicle'." And section 321.1, subsection 3, states: " 'Motorcycle' means every motor vehicle having a saddle or seat for the use of the rider and designed to travel on not more than three wheels * * * including a motor scooter and a bicycle with motor attached but excluding a tractor." Its argument that since an automobile is synonymous with motor vehicle and a motorcycle is a motor vehicle, then a motorcycle is an automobile, does not impress us. Even for the purpose of this chapter, such is not the intent. The term "motor vehicle" obviously is much broader than the term "automobile", and the fact that a separate definition is given for motorcycles clearly indicates the legislature did not intend to include "motorcycle" in the term "automobile". Both are motor vehicles, but all motor vehicles are not automobiles.

In most jurisdictions, unless by statute or contract, the term "motorcycle" is not considered an automobile. See Paupst v.

McKendry, 187 Pa. Super. 646, 145 A.2d 725, which cites the definition in Funk & Wagnall's Standard Dictionary, 1935 Ed., where in Volume I it is stated that an automobile is a self-propelling four-wheel vehicle. Also see annotations, 38 A. L. R.2d 882, section 10, and cases cited in Words and Phrases, Volume 4, page 856, where automobiles and motorcycles are distinguished. Certainly a motorcycle is not known as an automobile in the general and popular sense of the term.

In any event, we note the policy before us does not use the words "motor vehicle" in the exclusions set forth in Part IV.

■ II. The trial court held this case could and should be decided by reference to the words and definitions used by the defendant itself in the policy. We agree. A close examination of the contract, Exhibit "A", reveals a number of definitions in Part I thereof. Among them it is stated: " 'owned automobile' means (a) a private passenger, farm or utility automobile described in this policy * * *" and " 'private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile." It further appears under Part IV: "Definitions. The definitions under Part I, except the definition of 'insured', apply to Part IV." Even in Part IV, reference is made in (b) under "insured automobile" to "a private passenger, farm or utility automobile * * *."

It is evident, for the purposes involved, that the policy defines "automobile" as a four-wheel vehicle, that this definition is applicable to the exclusionary clause, and that it does not include a two-wheel motorcycle of the type the insured was riding when injured.

■ Furthermore, the rule is well settled that even if the expressions and definitions are not clear, such contracts are to be construed against the insurer. Citation of authority is unnecessary, but see Vance on Insurance, Hornbook Series, page 808, and West v. Hartford Fire Ins. Co., 248 Iowa 993, 998, 83 N.W.2d 465.

III. We conclude that by the terms of the policy the exclusion in Part IV does not relieve appellant's liability arising from insured's injury which occurred in a collision between his

974

owned and driven motorcycle and an uninsured motorist, and that under the stipulated facts the judgment and decree of the trial court should be affirmed.—Affirmed.

All JUSTICES concur.