WATTS *v.* MINNESOTA MUTUAL LIFE INS. CO.
5-3708                                          402 S. W. 2d 111
[Rehearing denied May 24, 1966]
Substituted opinion delivered April 11, 1966.
(Original opinion delivered January 17, 1966)

*Donald Poe,* for appellant.
*Daily & Woods,* By: *Ben Core,* for appellee.

FRANK HOLT, Justice. This case stems from the interpretation of a group life insurance policy carried with the appellee by the Waldron Furniture Manufacturing Corporation on its employees. The appellant's husband was an employee of the corporation and insured by the terms of the policy. Payment of premiums was made by the corporation; however, contributions were deducted by the employer from the wages of each employee. Upon appellee's refusal to pay the death benefits provided in the policy, the appellant as beneficiary sought judgment against the appellee for the face amount of the policy, $2,500.00, plus statutory penalty and attorney's fee. Appellee's motion for a summary judgment was granted, from which comes this appeal.

Appellant first contends for reversal that a genuine fact issue exists and, therefore, appellee's motion for summary judgment should not have been granted. Appellee insists that no justiciable fact issue actually exists and that the proper disposition of this case is a summary judgment for the appellee.

On appeal the appellant also argues that the admitted facts result in policy coverage or a case of liability on the part of appellee. To that extent both parties seem to agree that only a question of law is presented and that the proper disposition of the issue of liability

in this case would be by summary judgment.

According to the uncontroverted facts, the insured employee, Watts, who was under sixty years of age, became totally disabled from cancer on May 17, 1963, requiring discontinuance of his employment. This total disability continued until he died on October 27, 1963. It appears that payments on his policy were discontinued on July 1, 1963. The group policy was cancelled effective August 31, 1963. There was compliance with the policy requirement concerning proof of disability and death. The policy was made an exhibit to the pleadings.

The appellant predicates her claim for recovery upon the first portion of the Extended Insurance provision found in the Master Policy and the Employee's Certificate. This portion reads:

"If an employee, while less than sixty years of age and while insured under this policy, becomes totally disabled as a result of bodily injury or disease so as to be wholly prevented from performing any work or engaging in any occupation for remuneration or profit, and if the employee dies within one year after discontinuance of premium payments for his insurance and while remaining continuously so disabled, then, upon due proof of such disability and death, the Company will pay under this section of the policy the amount of the employee's insurance as determined by the section hereof entitled 'Amount of Insurance,' unless claim is otherwise established, based upon death of the employee within thirty-one days following termination of insurance.

If the employee has become totally disabled under the conditions stated above and then, not later than one year after discontinuance of premium payments, furnishes written proof to the Company at its Home Office that the disability is permanent as herein defined, the employee's insurance will be extended during the further continuance of total and permanent disability until one year from the date on which such proof was received."

Other paragraphs relate to total disability which must exist for nine months, notices, recovery from disability and refusal to furnish requested proof.

Appellant contends that under the quoted provisions of Extended Insurance coverage the appellee was liable for death benefits because the policy continued in

effect from the time the insured became totally disabled until his death which was within one year following the disability.

The appellee, however, contends that the last paragraph of the Extended Insurance provision precludes recovery. It reads:

"The benefits described in this section shall apply while the policy is maintained in full force and effect. In the event of termination of this policy, all benefits under this section shall automatically terminate, regardless of any provision herein to the contrary, except that the conversion privilege which is provided at termination of the policy shall be available."

The appellee disavows any liability since the policy was terminated by the employer on August 31, 1963 and the death of the insured employee occurred following cancellation of the unconverted policy.

The appellant takes the position that the decedent's rights to life insurance coverage became vested upon his becoming totally disabled which necessitated discontinuance of his employment and premium payments. This contention finds support in Appleman 1, Insurance Law and Practice, § 47, p. 74, where we find these general statements:

"If the policy provides for a waiver of premium payments upon the inception of permanent and total disability, those provisions are, of course, effective, and relieve the employee of any further duty in this regard."

"* * * the better rule is to the effect that if the cessation of employment is caused by sickness, injury, or the like, and the insured is continuously and totally disabled until the time of his death, it is covered by the contract. The theory is that liability having attached during the life of the group policy, the fact that such person afterward ceased to be an employee could not destroy his right to benefits. Such termination can operate prospectively only, and not in derogation of acquired rights. * * * His leaving voluntarily after becoming disabled would not impair his rights, nor would his failure to apply for an individual policy thereafter as provided by the terms of the contract have such effect."

See, also, *Atlas Life Ins. Co. of Tulsa, Okla.* v. *Wells*, 187 Ark. 979, 63 S. W. 2d 533; *Home Life Ins. Co.* v.

*Keys,* 187 Ark. 796, 62 S. W. 2d 950, and *Home Life Ins. Co.* v. *Ward,* 189 Ark. 793, 75 S. W. 2d 379.

In the circumstances we are of the view that the insured's life insurance coverage vested upon the occurrence of his inability to continue working. Thereafter, the discontinuance of his premium payments and cancellation of the policy by his employer could not and did not destroy his acquired rights. Upon the facts now in the record the appellant would be entitled to recover.

Further, another answer to the insurer's disclaimer of policy coverage is a provision in a booklet distributed to the insured employees. The Life Insurance Benefits provision contains this paragraph:

> "PERMANENT TOTAL DISABILITY: If an insured employee terminates employment while under age 60 because of total permanent disability the Group Life Insurance will remain in force without payment of premium for a period of 12 months and for such further period as he is continuously totally disabled subject to yearly proof of continuance of disability."

This information in the booklet is further elaborated upon in the lengthy Master Policy and the Employee's Certificate, both of which appellee invokes in denying coverage. The exclusion of benefits in the Master Policy and Employee's Certificate, i.e., the provision that cancellation of the policy automatically terminates all benefits, is much broader than the explanation in the booklet. This booklet provision is inconsistent with the broader provisions of the Master Policy and Employee's Certificate. These three instruments were drafted and furnished by the insurance company. In the circumstances we think the reasoning in our recent case of *Lawrence* v. *Providential Life Ins. Co.,* 238 Ark. 981, 385 S. W. 2d 936, is applicable.

It is well settled that when exceptions or words of limitation are used a strict construction is required favorable to the insured. *Washington Fire & Marine Ins. Co.* v. *Ryburn,* 228 Ark. 930, 311 S. W. 2d 302. Also, see *Travelers' Protective Association of America* v. *Stephens,* 185 Ark. 660, 49 S. W. 2d 364.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.