Gilbert H. King, J.
The respondent insurance company defending this negligence action under an “ Uninsured Motorist Endorsement ” in its policy with the petitioner, its assured, seeks a stay of arbitration on the ground that the accident in question did not involve an “ uninsured automobile ” and hence the respondent has no obligation to the petitioner under .the said endorsement,
*64 The petitioner was injured as a result of a one-vehicle accident on September 10, 1966 while a passenger on a motorcycle. The petitioner submits that this motorcycle was uninsured and hence proceeds under the ‘1 uninsured motorist endorsement ’ ’ of her own policy seeking arbitration of her claim pursuant to the said endorsement. The respondent contends that as a matter of law, the petitioner is- not protected by the said endorsement because the accident in question did not involve an “ uninsured automobile ” (emphasis added) as required under Part IY Coverage G of the respondent’s policy, a copy of which is before the court. It is the respondent’s position that a motorcycle is not an automobile and is nowhere considered such in the definitions of uninsured automobile in Coverage G of the policy.
In a generic sense, a motorcycle is an automobile for it is a self-propelling vehicle. In the commonly accepted use, however, a motorcycle is, as defined in Webster’s Hew Twentieth Century Dictionary, “ a two-wheeled (or if equipped with a side car, three-wheeled) vehicle propelled by an internal combustion engine and resembling a bicycle, but usually larger and heavier ”, while an automobile is “ a car, usually four-wheeled, propelled by an engine or motor that is part of it.” True it is that lexicographers do not make law and their opinions are not controlling where legal interpretations are involved, yet to reject the differentiae between a motorcycle and an automobile contained in their dictionary definitions and consider them as being the same because of a generic similarity would be to completely and arbitrarily cast aside common usage and understanding. The petitioner-claimant must, therefore, rely on some statutory support for her claim.
The courts have recognized the term “ automobile ” as used in policies similar to the present one as meaning one thing, and motorcycle as meaning something entirely different as “a matter of common knowledge of which the courts must take judicial notice.” (Colyer v. North Amer. Acc. Ins. Co., 132 Misc. 701, 703 [1928]; cf. Celina Mutual Ins. Co. v. Small, et al [Pa. Ct. of Common Pleas] 74 Legal Record 84.)
It is argued that the present policy does not specifically exclude motorcycles from coverage while listing certain other exclusions, and hence the axiom “ expressio unius est exclusio alterius ” applies, and, by virtue of not having been specifically excluded from coverage under the endorsement, a motorcycle should be included under an interpretation of the endorsement. However, the exclusions listed in the endorsement all refer to certain types *65 of automobiles and since a motorcycle was not defined as an automobile in the endorsement, it need not be mentioned in the exclusions in order to be so excluded. Hence the axiom is not applicable in this case.
The petitioner cites the case of Matter of Vanguard Ins. Co. (Polchlopek) (18 N Y 2d 376) in support of her contention that the Insurance Law should be used for guidance in construing the meaning of “uninsured automobile.” However, in that case the question before the court was whether the term uninsured automobile included an automobile on which there was a disclaimer for lack of co-operation on the part of the insured, subsequent to the happening of the accident. Both the policy and the Insurance Law defined an uninsured automobile as one on which there was no liability insurance “ applicable at the time of the accident ”, and the question raised was whether under this phrase an automobile on which there was a subsequent disclaimer would be classified as an uninsured automobile. In deciding that the subsequent disclaimer made this an uninsured automobile “at the time of the accident ”, that court looked to the Insurance Law for guidance. In the present case, however, the term “ automobile ” is not used at all in the cited sections of the Insurance Law, the sole reference therein being to “motor vehicle” (Insurance Law, § 601), and thus the Insurance Law gives no “ guidance ” in construing the term “ automobile ” under the circumstances of this case.
The sole remaining question is whether, regardless of the definition of automobile, there is an applicable statute requiring that the respondent cover an uninsured motorcycle in its “Uninsured Motorist Endorsement”.
Subdivision 2-a of section 167 of the Insurance Law provides that no policy of automobile insurance shall be issued in New York State by an insurer unless “it contains a provision whereby the insurer agrees that it will pay to the insured * * * all sums, not exceeding a maximum amount or limit of ten thousand dollars * * * which the insured or his legal representative shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle [emphasis supplied] * * * caused by accident arising in this state * * *. Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein.” Petitioner points out that uninsured motor vehicle includes a motorcycle under subdivision a of section 601 of the Insurance Law, and therefore if the term uninsured automobile in the policy endorsement did not include *66 motorcycle, it would be contrary to the provisions of the Insurance Law regulating this specific coverage, and hence “ should be construed as if such condition were embodied.”
However, subdivision 2-a of section 167 of the Insurance Law clearly states that it only covers situations where damage was “ caused by accident occurring in this state.” It is admitted that the present accident occurred in Canada. The conditions of subdivision 2-a of section 167 of the Insurance Law are, therefore, inapplicable. There being no law applicable to the present situation forbidding the writing of this endorsement as it appears in this case, and the endorsement clearly and unambiguously on its face. being confined to automobiles and not motorcycles, the stated terms of the contract must prevail.
The respondent’s motion for a stay of arbitration must be granted because the petitioner does not come within the risk insured against by Part IV Coverage G- of the policy in question.