LEON B. SHIPLEY, APPELLANT, v. AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, A FOREIGN INSURANCE CORPORATION, APPELLEE.

158 N. W. 2d 238

Filed April 19, 1968. No. 36752.

Michael J. Dugan and Haney, Walsh & Wallentine, for appellant.

Boland, Mullin, Walsh & Cooney, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

An uninsured motorist endorsement issued in March

1966, formed part of plaintiff's automobile policy with provisions for bodily injury liability coverage. The declaration described a Chevrolet automobile but not the "BSA" motorcycle that plaintiff also owned. While he was operating the motorcycle in May 1966, it collided with a Honda motorcycle driven by Terry Lee Santo, who was uninsured. This action on the uninsured motorist endorsement was dismissed on the ground that no cause of action was stated. Plaintiff has appealed.

Defendant promised in the endorsement "To pay all sums which the insured * * * shall be * * * entitled to recover as damages (for bodily injury) from the * * * operator of an uninsured automobile * * *." The endorsement did not apply, however, "to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured * * *." Those provisions are central to the controversy.

The parties concede that the phrase "uninsured automobile" in effect includes motorcycles, but they do so for different reasons. Defendant contends that "automobile" throughout the endorsement includes motorcycles and that the endorsement does not apply in view of the exclusion clause. Plaintiff contends that a motorcycle is not an automobile but that coverage exists because the Legislature framed section 60-509.01, R. S. Supp., 1965, in terms of motor vehicles. The relevant part of the statute generally prohibits delivery of an automobile liability policy "unless coverage is provided * * * for the protection of persons insured thereunder who are legally entitled to recover damages from * * * operators of uninsured motor vehicles * * *."

The significance of "automobile" may be affected by other provisions of the endorsement as follows: "This endorsement forms a part of the policy * * *. II. Definitions * * * The term 'insured automobile' means an automobile to which the Bodily Injury Liability coverage of the policy applies, provided such automobile is: (1) owned by the insured named in the declaration of the

policy * * *. * * * The term 'uninsured automobile' shall not include: * * * (iv) a land motor vehicle or trailer, if operated on rails or crawler-treads * * *. * * * CONDITIONS * * * None of the Insuring Agreements * * * of the policy shall apply to the insurance afforded by this endorsement * * *."

Declarations of the policy and endorsement contain the following: "Item 2. Described Automobile * * * 49 CHEV COUP * * *." A definition in provisions for liability coverage reads: " 'automobile,' except where stated to the contrary, means 1. Described Automobile— The motor vehicle or trailer described in this policy."

"Automobile" is a popular word in uninsured motorist endorsements made prior to 1967. See, Widiss, "Perspectives on Uninsured Motorist Coverage," 62 Nw. U. L. Rev. 497 (1967); Notman, "A Decennial Study of the Uninsured Motorist Endorsement," 43 Notre Dame L. 5 (1967); Notman, "Handling Uninsured Motorist Claims in New York," 32 Albany L. Rev. 96 (1967). Judicial interpretations of endorsements without sufficient signs of a broad meaning of "automobile" have excluded motorcycles. Westerhausen v. Allied Mut. Ins. Co., 258 Iowa 969, 140 N. W. 2d 719; Askey v. General Acc. Fire & Life Assur. Corp., 54 Misc. 2d 63, 281 N. Y. S. 2d 669; Elliott, "The Insurance Definition of 'Automobile,' " 46 Neb. L. Rev. 3 (1967).

There is some evidence here that "automobile" includes motorcycles. The definition of "uninsured automobile" in the endorsement excludes motor vehicles operated on rails or crawlers. Other insuring agreements define "Described Automobile" as the motor vehicle described in the policy. We should consider the latter definition, although the endorsement explicitly precludes application of the other insuring agreements. The declarations which provide for uninsured motorist coverage contain the phrase "Described Automobile." The endorsement defines "insured automobile" in terms of the bodily injury liability coverage. The relation

among the definitions and the exclusion clause is close.

An uninsured motorist endorsement should be interpreted in light of statutory requirements concerning coverage. The statute was designed to protect innocent victims of negligent and financially irresponsible motorists. "The uninsured motorist on the highway is a real risk." Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133. An overriding public policy of protecting an owner-operator who inexcusably has no applicable bodily injury liability coverage is not presently discernible.

An insurance contract should be interpreted in accordance with reasonable expectations of the insured at the time of the contract. See Stephens v. Allied Mut. Ins. Co., *supra*. Plaintiff does not assert that he had bodily injury liability coverage applicable to his motorcycle under any contract. He might expect the uninsured motorist endorsement to cover loss while he was operating his motorcycle, but such expectations are unreasonable.

The judgment is affirmed.

AFFIRMED.