221 So.2d 5 (1969)
Elizabeth DORRELL, Appellant,
v.
STATE FIRE AND CASUALTY COMPANY, a Florida Corporation, et al., Appellees.
No. 68-873.
District Court of Appeal of Florida. Third District.
April 1, 1969.
*6 Judith A. Brechner, Miami Beach, and Israel Abrams, Miami, for appellant.
Matthews, Mandina & Lipsky, Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
The appellant was injured when a motorcycle on which she was a passenger collided with an automobile driven by an uninsured motorist. The appellee insurance company instituted an action for a declaration that the appellant was not protected by the insurance policy of the owner of the motorcycle. The court rendered judgment in favor of the appellee on the ground that a "motorcycle is not an `automobile' as defined in the policy. * * *"
Counsel have agreed that under the terms of this policy the appellant would have received the benefit of uninsured motorist coverage if the vehicle on which she was riding had been an automobile.
Appellant claims coverage under the subject policy and urges that as the term "automobile" is defined in the pertinent provision of the policy a motorcycle is considered an automobile:
"* * * `automobile' means a land motor vehicle or trailer not operated on rails or crawler-treads, but does not mean: (1) a farm type tractor or other equipment designed for use primarily off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle."
In interpreting an automobile insurance policy the courts have followed the definitions given in the policy itself. See Valdes v. Prudence Mutual Casualty Company, Fla.App. 1968, 207 So.2d 312, which cites Westerhausen v. Allied Mutual Insurance Company, 258 Iowa 969, 140 N.W.2d 719 (1966). The policy in the Westerhausen case provided "`"private passenger automobile" means a four wheel private passenger, station wagon or jeep type automobile.'" 140 N.W.2d at 722 (emphasis added).
The definition of "private passenger automobile" in the instant case is identical with that in the Westerhausen case except that it does not contain the words "four wheel". And while the policy specifically provides that "automobile" does not mean (1) and (2), above, it does not specifically provide that "automobile" does not mean a motorcycle. So when we apply the maxim "expressio unius est exclusio alterius" to the above quoted portion of the insurance policy we conclude that as defined in the policy "automobile" means all land vehicles except those specifically excluded and that therefore a motorcycle is an automobile within the meaning of the instant *7 insurance policy. We therefore reverse the finding of the trial judge that appellant is barred from uninsured motorist coverage because she was riding on a motorcycle.
Reversed and remanded for further proceedings.