Stanley **PHILLIPS**, a Minor, by His Father and Next Friend, Lewis Kenneth Phillips, and Lewis Kenneth Phillips, in his own right, Plaintiffs,

v.

**MIDWEST MUTUAL INSURANCE COMPANY** and Northwestern National Casualty Company, Defendant.

No. F–70–C–25.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

Aug. 13, 1971.

**854**

Estes & Storey, Fayetteville, Ark., for plaintiffs.

Ronald A. May, of Wright, Lindsey & Jennings, Little Rock, Ark., for Midwest Mutual Insurance Co.

Sidney P. Davis, Jr., of Putman, Davis & Bassett, Fayetteville, Ark., for Northwestern National Cas. Co.

## OPINION

JOHN E. MILLER, Senior District Judge.

This is an action for summary judgment pursuant to Rule 56, Fed.R.Civ.P.

The plaintiff is a citizen and resident of Washington County, Arkansas. The defendant Midwest Mutual Insurance Company, hereinafter referred to as Midwest, is a foreign corporation organized under the laws of a state other than the State of Arkansas and doing business in the State of Arkansas. The defendant Northwestern National Casualty Company, hereinafter referred to as Northwestern, is a foreign corporation organized under the laws of a state other than the State of Arkansas with its principal offices in Milwaukee, Wisconsin, and is doing business in the State of Arkansas.

On March 7, 1970, the defendant Northwestern issued an insurance policy to Lewis Kenneth Phillips, the plaintiff, insuring a 1960 Oldsmobile automobile. The limits of liability were $10,000 for damages because of bodily injury sustained by one person as a result of one accident, and $20,000 for all damages because of bodily injury sustained by two or more persons as a result of one accident. The policy provided uninsured motorist coverage in the same amounts. The "UM" coverage section was entitled

Family Protection Coverage and provided under Insuring Agreements:

"II. Definitions:

"(a) 'insured means:

"(1) the named insured as stated in the policy (therein also referred to as the 'principal named insured') and any person designated as a named insured in the schedule *and, while residents of the same household, the spouse of any such named insured and relatives of either;"*

On June 24, 1970, Mr. L. O. Stapleton sold a 1970 Yamaha motorcycle to the plaintiff, Lewis Kenneth Phillips, for the use of his son, Stanley Phillips, a minor age 14. The plaintiff instructed Stapleton that he wanted all kinds of insurance on the motorcycle and was assured by Mr. Stapleton that his wishes would be carried out. It was a general practice for Stapleton to procure insurance for his customers if they desired, and the insurer was the defendant Midwest. The application forms were provided by a local agent of Midwest for use by Stapleton. The motorcycle had to be serviced, and when Stanley Phillips took delivery of it he was induced by Stapleton to sign a waiver of uninsured motorist coverage. Stapleton did not explain the nature of the waiver nor the significance of Stanley's signing the waiver.

On July 9, 1970, Stanley was involved in an accident while riding and operating said motorcycle in the City of Fayetteville, Arkansas. Stanley was severely injured when struck by an uninsured automobile negligently driven by Judy K. Alaniz.

On July 10, 1970, Midwest sent a notice of cancellation to Stanley Phillips cancelling the hereinbefore mentioned policy as of July 18, 1970. However, on July 18, 1970, Stanley Phillips received a "reinstatement/withdrawal of cancellation" from the insurer.

On October 12, 1970, the plaintiff filed this action for declaratory judgment under 28 U.S.C. § 2201. against Midwest and Northwestern and alleged that the injuries to Stanley Phillips were in excess of $10,000, and that the court should enter a judgment declaring and decreeing which of these defendants has the duty and the responsibility to pay any judgment rendered under the uninsured motorist section and medical section of the respective policies. The plaintiff further prayed that if both insurers were liable, then the court should determine which defendant is primarily liable and which defendant is secondarily liable. In conclusion, the plaintiff asked for costs, a reasonable attorney's fee and expenses.

On October 30, 1970, the defendant Midwest filed its answer in which it stated that it was not liable for any injuries suffered by Stanley Phillips in a collision with an uninsured motorist for the reason that Stanley Phillips signed a rejection of the uninsured motorist coverage.

On November 3, 1970, the defendant Northwestern filed its answer stating that it admitted that a motorcycle driven by Stanley Phillips collided with an automobile operated by Judy K. Alaniz on July 9, 1970, but denied that she was an uninsured motorist. It admitted that it had issued a policy of insurance to Lewis Kenneth Phillips covering his 1960 Oldsmobile and that the policy was in effect at the time of Stanley Phillips' accident. It denied that the family protection coverage in its policy covered the collision in question, and set out certain provisions in the uninsured motorist section, to-wit:

"This endorsement does not apply:

\*    \*    \*    \*    \*    \*

"(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) *owned by a named insured or any relative resident in the same household,* \* \* \*."

Condition 7 reads as follows:

"7. OTHER INSURANCE: With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured,

the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

On November 6, 1970, the plaintiff filed a motion for summary judgment. The court did not rule on this motion because on February 16, 1971, the plaintiff entered into a Release, Trust and Indemnity Agreement with Midwest, whereby plaintiff received $7,500 in settlement of his claim. On March 9, 1971, Midwest filed a cross complaint against Northwestern alleging that the settlement negotiated between Midwest and the plaintiff was with the full knowledge of Northwestern and that Northwestern declined to participate. Midwest averred that the bodily injury sustained by Stanley Phillips did not occur while he was occupying an automobile not owned by the plaintiff, the named insured in Northwestern's policy, and that, therefore, Northwestern should be required to reimburse Midwest for one-half of the amount expended in settlement of the plaintiff's claims, that being the sum of $3,750. See Northwestern's Condition No. 7, supra. Midwest also prayed for penalty, interest and attorney's fees in accordance with Ark.Stat.Ann., § 66–3238.

On March 15, 1971, Northwestern filed its answer to the cross complaint of Midwest, and denied any liability to Midwest for any portion of the amount paid by Midwest to plaintiff. Northwestern alleged that because of certain exclusions within its policy, the uninsured motorist endorsement did not apply to the collision in this cause of action and affords no coverage to plaintiff. Alternatively, any coverage the Northwestern policy might provide would be secondary because Northwestern did not purport to insure or collect a premium on the motorcycle and did in fact expressly exclude the motorcycle from coverage. Therefore, since Midwest has satisfied the claims of the plaintiff within its policy limits, it has no standing to claim or recover contribution from Northwestern.

On July 22, 1971, the defendants entered into a stipulation, part of which is as follows:

"3. On June 24, 1970, L. O. Stapleton sold a 1970 Yamaha motorcycle to said Lewis Kenneth Phillips for the use of said Stanley Phillips. Using a form application furnished him by an authorized agency for Midwest, Stapleton prepared an application for an insurance policy on said motorcycle in the name of said Stanley Phillips. Exhibit B attached hereto is a true copy of said application signed by Stanley Phillips. In consequence of said application, Midwest issued an insurance policy to said Stanley Phillips insuring said 1970 Yamaha motorcycle for a period of two years from June 24, 1970. Exhibit B-1 attached hereto is a true copy of the face sheet of said insurance policy. Said insurance policy should have included Uninsured Motorist Coverage in the form attached hereto, marked Exhibit B-2, with the same limits of liability as those set forth in the insurance policy issued by Northwestern and referred to in Paragraph 2 above. Midwest has acknowledged the existence of such Uninsured Motorist coverage in such form and

under the said insurance policy issued by it.

\* \* \* \* \* \*

"6. After consultation with Northwestern's attorney of record and upon notice to him of its intention to do so, Midwest settled the claims of Stanley Phillips and Lewis Kenneth Phillips for Uninsured Motorist benefits and obtained a Release, Trust and Indemnity Agreement in the form attached hereto, marked Exhibit C. The amount of such settlement and the consideration for such Release, Trust and Indemnity Agreement was Seven Thousand Five Hundred Dollars ($7,500.00) which amount fairly and reasonably represents the sum which Stanley Phillips and Lewis Kenneth Phillips would have been entitled to recover as damages from the owner of the uninsured vehicle referred to above because of the bodily injuries of Stanley Phillips."

On July 28, 1971, the court received the memorandum brief of Midwest. There was no motion for summary judgment filed with the brief.

On August 4, 1971, Northwestern filed a motion for summary judgment and memorandum brief in support thereof, and on August 9, 1971, Midwest filed its motion for summary judgment and brief in reply to the motion of Northwestern.

The respective pleadings and the stipulation of the parties reflect that there is no genuine issue as to any material fact and the attorneys for both parties agree. The questions remaining before the court are purely questions of law.

Midwest argues that the second paragraph of Condition 7 in the uninsured motorist portion of Northwestern's policy results in liability on the part of Northwestern to pay one-half of the settlement in this action. According to the argument of Midwest the first paragraph of Condition 7, which is an excess clause, does not apply in this case because it applies only "to an insured while occupying an automobile not owned by the principal named insured." The second paragraph provides that "if the insured has other similar insurance available to him and applicable to the accident," that each insurer will share the loss in proportion to the ratio between the loss and the applicable limits of liability of both policies. Midwest argues that the term "automobile" does not include a motorcycle, Neighbors v. Life & Cas. Ins. Co. (1930) 182 Ark. 356, 31 S.W.2d 418. Midwest argues that had Northwestern wished to exclude or make its policy limited to excess coverage over a policy insuring a motorcycle driven by a member of the named insured's family, it should have done so in clear and unambiguous language to that effect.

Northwestern argues that its policy excludes coverage under the existing circumstances. The coverage (uninsured motorist) does not apply "to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured \* \* \*." See exclusion (b), supra. Northwestern admits that under the terms of the uninsured motorist endorsement Stanley Phillips is a named insured as a relative of the principal named insured, Lewis Kenneth Phillips, while living in the family household. Northwestern disagrees that the motorcycle would qualify as an "insured automobile" under the policy terms. It argues that the word "automobile" includes motorcycles in view of the legislative intent reflected in the Arkansas motor vehicle safety responsibility act, which defines a motor vehicle as:

"Motor Vehicle—Every vehicle which is self-propelled \* \* \* but not operated upon rails."
Ark.Stat.Ann., § 75–1407.

Northwestern argues that the uninsured motorist provisions found in Ark.Stat. Ann., § 66–4003, where it uses the term "automobiles" includes motorcycles. Northwestern points out that several courts have held that a motorcycle is an automobile and cites numerous decisions. It is argued that the proper interpretation of the two insurance policies involved would provide uninsured motorist

coverage to Stanley Phillips by Northwestern while occupying the 1960 Oldsmobile or any non-owned automobile, and uninsured motorist coverage while riding the 1970 Yamaha motorcycle would be provided by Midwest.

Northwestern argues alternatively that Midwest provided the primary coverage on the motorcycle and Northwestern provided secondary coverage. See Jones v. Morrison, (W.D.Ark.1968) 284 F.Supp. 1016. Midwest in its reply brief argues that it is "paradoxical" for an insurance company to seek to have an exclusion interpreted so as to deny coverage on the ground of an interpretation based on a separate public policy requiring such coverage. Midwest reiterates its argument that a motorcycle is definitely not an automobile. See 1A Appleman, Insurance Law and Practice, § 573 at p. 402. It bases its entire argument on the interpretation of the word "automobile" as including or excluding motorcycles.

■■ The court has not found a case in which this particular subject has arisen and been decided. Uninsured motorist coverage is relatively new, and there is a dearth of decisions which have attempted to interpret the sometimes confusing language included in the uninsured motorist endorsements. The court agrees with Midwest that Arkansas law does not recognize the term "motorcycle" as included in the word "automobile." Neighbors Life & Cas. Ins. Co., supra. Any words of exception or limitation in an insurance contract must be construed strictly against the insurer. Watts v. Minnesota Mutual Life Ins. Co., (1966) 240 Ark. 72, 402 S.W.2d 111; Washington Fire & Marine Ins. Co. v. Ryburn, (1968) 228 Ark. 930, 311 S.W.2d 302. Exclusion (b) relied upon by Northwestern will not exclude Northwestern from liability in this case.

However, it is also clear that Midwest intended to insure the motorcycle ridden by Stanley Phillips and that it also intended to give uninsured motorist coverage to Stanley Phillips.

The stipulation between the parties provided that:

"3. * * * Said insurance policy should have included Uninsured Motorist Coverage in the form attached hereto, marked Exhibit B-2, with the same limits of liability as those set forth in the insurance policy issued by Northwestern and referred to in Paragraph 2 above. Midwest has acknowledged the existence of such Uninsured Motorist Coverage in such form and under the said insurance policy issued by it."

The case of Wommack v. U. S. Fire Insurance Co., (W.D.Ark.1971) 323 F. Supp. 981, sets out the following principles for interpretation of an insurance policy:

"A policy of insurance, like any other contract, must be construed reasonably and fairly to ascertain and carry out the intention of the parties. A common-sense approach should be used, and generally the words employed in the policy are to be understood in their ordinary sense."

It is the common sense approach which requires the court to consider whether an insurer who accepts or is willing to accept a premium for providing uninsured motorist coverage for an insured is entitled to receive contribution from another insurer who is receiving a premium for an entirely different type of coverage. The facts before the court reflect that Northwestern was insuring the automobile of plaintiff, and the only insurance coverage offered to Stanley Phillips was through an uninsured motorist endorsement which protected him while riding in the insured automobile and other non-owned automobiles. Midwest's policy protected Stanley Phillips against liability arising from accidents on said motorcycle and various other risks and also by Midwest's admission included uninsured motorist coverage to protect Stanley in the event of any damage incurred in a collision with an uninsured motorist. It is obvious which coverage was intended to cover Stanley. There are some cases which have allowed an insured while riding a motorcycle to recover within an uninsured motorist en-

dorsement on an automobile when the exclusionary clause in the policy was limited to owned "automobiles." Westerhausen v. Allied Mutual Ins. Co., (1966) 258 Iowa 969, 140 N.W.2d 719; Valdes v. Prudence Mutual Casualty Co., (1968) Fla.App., 207 So.2d 312. However, all these cases have one common theme— that in all of these cases the uninsured motorist coverage on an owned automobile was the only coverage available.

Condition 7 of the Northwestern policy entitled "Other Insurance" provides both excess and pro rata coverage depending on the situation involved. A common sense interpretation of the two paragraphs is that if the insured is injured while riding in an automobile not owned by the principal named insured, then this policy will only provide excess coverage over any similar insurance available. In any other situation, if the insured has similar insurance available and applicable to the accident, then this insurance provides pro rata coverage depending on the amount of other insurance and the damages involved.

In Jones v. Morrison, supra, the court at page 1019 of 284 F.Supp. had much the same problem except the insured was riding in a non-owned automobile. The court, quoting from 8 Appleman, Insurance Law and Practice, § 4914, pp. 400–402, said:

" 'It has been held that where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess .coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability. In such case, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary policy have been exceeded. It should be noted that under this rule, the courts give no application to the other insurance clause in the primary policy, which provides that if the additional insured has other valid and collectible insurance, he shall not be covered by

the primary policy. That is because the insurance under the excess coverage policy is not regarded as other collectible insurance, as it is not available to the insured until the primary policy has been exhausted. Or, to put it another way, a non-ownership clause, with an excess coverage provision, does not constitute other valid and collectible insurance within the meaning of a primary policy with an omnibus clause.'

"This statement indicates, and the court agrees, that, as a general rule, the insurance on the vehicle involved is the 'primary insurance' insofar as there is 'other insurance.' Even though the clauses in the policies may be in conflict, there is no reason why this general rule should not apply here."

It is the opinion of the court that the general rule should be applied in this case. The record before the court does not establish that the plaintiff had any intention of insuring his son against uninsured motorists while riding the motorcycle when he purchased the policy from Northwestern, nor did Northwestern contemplate coverage of this type. The action of plaintiff in protesting the action of Midwest in not including the uninsured motorist provision indicates that he did not intend for the Northwestern policy to cover the motorcycle. It is the duty of the court to carry out the intentions of the parties. "Courts may enforce legal contracts or void illegal ones, but courts may not expand contracts beyond their terms and the intent of the parties." Harris v. Southern Farm Bureau Casualty Ins. Co., (1970) 247 Ark. 961, at page 965, 448 S.W.2d 652, at page 654.

■ It is the opinion of the court that the exclusion in the Northwestern policy against owned automobiles does not exclude an owned motorcycle. However, the court further holds that in line with the intention of the parties, the Midwest policy should be the primary coverage available to Stanley Phillips in the event of a motorcycle accident with an uninsured motorist. The total settlement in

this accident was $7,500, and, accordingly, the primary coverage has not yet been exhausted.

Therefore, an order is being entered today denying the motion for summary judgment of Midwest Mutual Insurance Company, sustaining the motion for summary judgment of Northwestern National Casualty Company, and adjudging that each party bear its own costs.