NORTHLAND INSURANCE COMPANY v.
RICHARD J. WEST.

201 N. W. 2d 133.

September 15, 1972—No. 43123.

*Douglass, Bell, Donlin, Shultz & Petersen* and *Mark M. Nolan*, for appellant.

*Jerome E. Kline*, for respondent.

KELLY, JUSTICE.

The issue on this appeal is whether or not defendant is entitled to the coverage afforded by the uninsured motorist protection provision contained in an insurance policy carried on his automobile for injuries he sustained in an accident with an uninsured motor vehicle while riding on a motorcycle owned by him.

Plaintiff insurance company brought a declaratory judgment action to have this issue determined. The trial court rendered judgment for plaintiff. Defendant appeals from that judgment. We reverse.

The facts are not in dispute. Defendant, while driving a motorcycle owned by him, was involved in an accident with an uninsured motorist. At the time of the accident, defendant had an insurance policy on his automobile in force and effect with plaintiff insurance company which policy included an endorsement for family protection coverage, commonly known as uninsured motorist coverage. Also in force and effect at the time of the accident was a liability policy with the National Indemnity Company on defendant's motorcycle. On this particular policy, he had rejected in writing the uninsured motorist coverage available to him under that policy.

After the accident, defendant filed a request for arbitration with the American Arbitration Association pursuant to the fam-

ily protection coverage provisions of his policy with plaintiff. Thereafter, plaintiff commenced the instant action praying that defendant be adjudged not entitled to coverage under the family protection coverage of that policy. Motions by both sides for summary judgment were made. The court ruled in favor of plaintiff.

The family protection coverage endorsement under section II, entitled Definitions, states that the word "insured" means:

"(1)   The Named Insured as stated in the policy and any person designated as Named Insured in the schedule and, while residents of the same household, the spouse of any such Named Insured and relatives of either; provided, if the Named Insured as stated in the policy is other than an individual or husband and wife who are residents of the same household, the Named Insured for the purposes of this endorsement shall be only a person so designated in the schedule;

"(2)   any other person while occupying an insured automobile; and

"(3)   any person, with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which this endorsement applies."

Under the foregoing definition, defendant was an "insured." The definition as to him does not require that he be an occupant of an insured automobile to have the status of an "insured." In oral argument before this court, it was conceded that as a pedestrian he would have the status of an "insured." Under this definition we must conclude that defendant was an "insured" while riding his motorcycle. This conclusion is further fortified by the fact that under paragraph (2) of the above-quoted definition any person other than a named insured was only insured while occupying an insured automobile. The inference from this definition taken as a whole is that the "Named Insured" was entitled to coverage even when not occupying his insured car.

The company has agreed in the endorsement under the insuring agreement:

"To pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the Insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile * * *."

Under the facts in this case defendant is entitled as an "insured" to the protection afforded by this portion of the insuring agreement. He sustained bodily injuries caused by an accident arising out of the use by an owner or operator of an uninsured automobile.

Thus, the coverage to be afforded to a "named insured" under the endorsement has nothing to do with the automobile owned by defendant except that such coverage is contained in an endorsement to the policy insuring defendant's automobile. That tenuous relationship is the only connection with the automobile. It is merely insurance whereby the "named insured" is entitled to recover from the insurer all sums he is legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injuries sustained by him because of an accident arising out of the use of the uninsured automobile.

Plaintiff relies on Shipley v. American Standard Ins. Co. of Wis. 183 Neb. 109, 158 N. W. 2d 238 (1968) as authority for its argument that there is no coverage in the instant case. The facts in Shipley are practically identical to those in the present case with one material exception. In Shipley, the court pointed out that "[t]he endorsement did not apply, however, 'to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured * * *.'" 183 Neb. 110, 158 N. W. 2d 239. The real issue in Shipley, then, became whether or not the term automobile as used in the exclu-

sionary clause was synonymous with motorcycle. The Nebraska court decided that it was and denied coverage to the insured. The material difference between Shipley and this case is that the court in Shipley had an exclusionary clause in the endorsement upon which their decision hinged whereas there is no similar clause involved in the case before us.

In Westerhausen v. Allied Mutual Ins. Co. 258 Iowa 969, 140 N. W. 2d 719 (1966), facts were almost identical to those in the instant case except that the policy in question contained the following provision (258 Iowa 971, 140 N. W. 2d 721):

"Exclusions. This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile."

In Westerhausen, the court went on to say:

"The parties seem to agree that, had the insured been struck by the Ryan vehicle while walking or riding a bicycle, he would have been covered under Part IV, and they have stipulated the only issue that need be determined in this case is whether the word 'automobile', as used in the policy under the 'Exclusions', means a motorcycle."

The Supreme Court of Iowa in Westerhausen decided that the word "automobile" as used in the exclusionary clause was not synonymous with motorcycle and that the insurance company was not relieved of liability "* * * arising from the insured's injury which occurred in a collision between his owned and driven motorcycle and an uninsured motorist * * *." 258 Iowa 973, 140 N. W. 2d 722.

In Valdes v. Prudence Mutual Cas. Co. 207 So. 2d 312, 314 (Fla. App. 1968), a case almost identical to Westerhausen, the court stated:

"In view of the factual similarities, including identity of policy clauses and definitions, between this case and the Westerhausen

case, supra, we are persuaded by the reasoning of the Iowa court, and we adopt that reasoning as our own. We hold that the word 'automobile' as that term is used in the exclusionary clause of the policy in question, does not include the vehicle being operated by Julian Valdes at the time of the accident and, that therefore, the exclusionary clause does not, in this instance, relieve Prudence Mutual Casualty Company of its liability under the policy of insurance."

In the instant case the issue raised by the exclusionary clause in Westerhausen and Valdes does not exist. Clearly Shipley is no real authority as the court in that case pointed out that the insuring agreement and the exclusionary clause were the provisions "central to the controversy." 183 Neb. 110, 158 N. W. 2d 239.

The argument that is made on behalf of the company is that the policy and the endorsement must be looked at as one entire document and that the policy does not provide for coverage of vehicles other than specifically defined under Section IV of the automobile policy.

The difficulty with this argument is that the uninsured motorist protection is not coverage for vehicles but for persons, even though it is contained in an insurance policy otherwise insuring an automobile. Section IV defines what is meant by the word "automobile." However, there is nothing in the policy or endorsement that requires the named insured to be an occupant of such an automobile. As we have pointed out, it was conceded that defendant was covered as a pedestrian and in Westerhausen it was conceded that the insured was covered while riding a bicycle or walking.

If Section IV standing alone could be construed to exclude coverage for protection from injuries by uninsured motorists, the exclusion would be negated by the provision in the endorsement entitled conditions that "None of the Insuring Agreements, Exclusions, or Conditions of the policy shall apply to the insurance afforded by this endorsement except * * *." The list of

exceptions incorporates by reference parts of the policy, none of which include Section IV.

Plaintiff in its argument indicates that Minn. St. 1969, § 72A.149 (now Minn. St. 65B.22) has some bearing on the issues in this case, stating that the statute specifically relates to "policy of automobile liability insurance." While this statute may relate to a policy of automobile insurance, it does not purport to tie the uninsured motorist protection to the insured vehicle. It rather clearly provides coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including colliding motor vehicles whose operators or owners are unknown or are unidentifiable at the time of the accident, and whose identity does not become known thereafter, because of bodily injury, sickness or disease, including death, resulting therefrom * * *." Minn. St. 65B.22, subd. 2. This language obviously contemplates coverage of persons insured under their automobile liability insurance policy.

Reversed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

MR. JUSTICE TODD and MR. JUSTICE MACLAUGHLIN, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.