HOWARD P. NEAL, APPELLEE, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, APPELLANT, IMPLEADED WITH STEVEN P. KONFRST ET AL., APPELLEES.

250 N. W. 2d 648

Filed February 23, 1977. No. 40801.

Michael P. Cavel of Emil F. Sodoro Law Offices, for appellant.

Harold W. Kauffman and William J. Dunn of Gross, Welch, Vinardi, Kauffman & Day for appellee Neal.

John Timmermeier, Larry R. Welch of McGroarty, Welch & Langdon, and Thomas J. Monaghan, for appellees Konfrst et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This was an action for a declaratory judgment to determine whether an insurance policy issued by the defendant St. Paul Fire & Marine Insurance Company afforded coverage to the plaintiff, Howard P. Neal, at the time he was involved in an accident in Omaha, Nebraska. At the time of the accident the plaintiff was operating a 1972 Kenworth tractor that had been leased to Little Audrey's Transportation Co., Inc., hereinafter referred to as the carrier.

The trial court found that the policy in question provided coverage to the plaintiff at the time of the accident. The defendant insurer has appealed.

The tractor was owned by Clarence Munns. The plaintiff had entered into a contract with Munns to buy the tractor and a 1972 Tempte trailer. The plaintiff had also entered into an "Independent Contractor Standard Agreement" with the carrier which provided generally that the plaintiff would furnish the tractor

and trailer with drivers to convey commodities as directed by the carrier.

The accident happened on May 17, 1973. The plaintiff had arrived in Omaha that day with a load of fruit. After that cargo had been unloaded he took the trailer to Glenwood, Iowa, so that it could be loaded with meat for a return trip to California. He left the trailer at Glenwood and was returning to Omaha in the tractor so that it could be serviced at a truck stop near Omaha. It was his responsibility to see that the tractor was serviced and the maintenance was to be done at his expense. He was carrying no freight of any kind at the time the accident happened.

The named insured in the policy issued by the defendant insurer was "Various Long Term Lease Owner/ Operators of Little Audrey's Transportation Co. Inc." The tractor and trailer which the plaintiff was purchasing from Munns was listed on a schedule attached to the policy. Other endorsements attached to the policy provided the policy covered vehicles leased to the carrier.

The defendant insurer does not dispute the fact that the policy had been issued, was in force, and provided public liability coverage generally for the plaintiff's tractor while it was being operated for "non-trucking use." The defendant insurer claims coverage at the time of the accident was excluded by an endorsement attached to the policy which provided the insurance afforded by the policy did not apply while the tractor was being "used to carry property in any business" or was being "used in the business of any person or organization to whom the automobile is rented."

The defendant argues that the plaintiff was an employee of the carrier at the time of the accident, or should be treated as an employee for the purpose of the liability of the carrier to third persons for his negligence, and the exclusion applies if the plaintiff was acting within the scope of his employment at the time of

the accident. The difficulty with that argument is that the liability status of the carrier to third persons is not controlling as between the parties. See Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U. S. 28, 96 S. Ct. 229, 46 L. Ed. 2d 169. It is not determinative of the liability of the defendant insurer so far as coverage under its policy is concerned.

The record shows the carrier is self-insured so far as equipment under load is concerned. Insurance, known as "bobtail and deadhead insurance" was purchased by the carrier to cover the equipment when it was not under load, was being serviced, or was being used for some other nonrevenue purpose. The policy involved in this case was purchased for the purpose of obtaining bobtail insurance on equipment leased by the carrier such as the plaintiff's tractor.

It is a well-established rule that an insurance contract will be interpreted in accordance with the reasonable expectations of the insured at the time of the contract, and in case of doubt the policy will be liberally construed in favor of the insured. Shipley v. American Standard Ins. Co., 183 Neb. 109, 158 N. W. 2d 238; Kent v. Dairyland Mut. Ins. Co., 177 Neb. 709, 131 N. W. 2d 146.

The question in this case is whether the plaintiff's tractor was being "used to carry property in any business" or was being "used in the business" of the carrier at the time of the accident. If not, the exclusion relied upon by the defendant insurer was not applicable.

It is clear from the record that the tractor was not being used to carry property at the time the accident occurred. While the carrier derived some benefit from the fact that the plaintiff attended to the maintenance of the tractor between trips, since that was essential to the continued use of the tractor in hauling commodities, the servicing and maintenance of the tractor was the responsibility of the plaintiff. The mainte-

nance of the tractor was the "business" of the plaintiff, not that of the carrier. We conclude the exclusion was not applicable here.

The judgment of the District Court is affirmed.

AFFIRMED.