Thomas S. HANSON, Plaintiff,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Defendant.

No. CO–87–1608.

Supreme Court of Minnesota.

Dec. 31, 1987.

Brian R. McCarthy, Duluth, for defendant.

Mark Munger, Duluth, for plaintiff.

POPOVICH, Justice.

The United States District Court, District of Minnesota, as authorized by Minn.Stat. § 480.061 (1986), certified to this court the question: Does Minn.Stat. § 65B.49, subd. 3a(7) (1986), preclude uninsured motorist coverage when the injured claimant is riding an uninsured motorcycle at the time of the injury? We answer in the affirmative.

Thomas Hanson was injured on January 7, 1986, when an uninsured Jeep struck the uninsured motorcycle he owned and was operating. At the time of the accident, Hanson also owned a 1974 Ford pickup truck which was insured by American Family Mutual Insurance Company under a policy that included uninsured motorist coverage in the amount of $25,000 per person. Hanson filed a claim on the truck policy, alleging coverage extended to an accident that occurred while he was operating his motorcycle. After being denied coverage, Hanson filed an action in federal district court. American Family moved for summary judgment, arguing it had no obligation under Minn.Stat. § 65B.49, subd. 3a(7), to cover Hanson's loss. This certification followed.

While the certified question is straightforward, the underlying question is the extent recent amendments to the No–Fault Act alter the principle, recognized in *Nygaard v. State Farm Mutual Automobile Insurance Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974), that uninsured motorist protection follows the person and not the vehicle. *Nygaard* involved two consolidated cases where minors, operating their own uninsured motorcycles, were struck by uninsured automobiles. Each minor was an insured under an uninsured motorist policy on his father's car. We rejected the insurers' attempts to exclude coverage under the fathers' policies, noting the statute "places no geographical limits on coverage and does not purport to tie protection against uninsured motorists to occupancy of the insured vehicle." *Nygaard*, 221 N.W.2d at 156. Uninsured motorist protection, we held, " 'is not coverage for vehicles but for persons.' " *Id.* 221 N.W.2d at 157, quoting *Northland Insurance Co. v. West*, 294 Minn. 368, 373, 201 N.W.2d 133, 135 (1972).

In 1985, the legislature adopted several amendments to the No–Fault Act, including a new section governing uninsured and underinsured motorist coverage. 1985 Minn. Laws, 1st Spec.Sess., ch. 10, § 68; Minn.Stat. § 65B.49, subd. 3a. The new provision at issue here provides:

> The uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motor vehicle owned by the insured, unless the occupied vehicle is an insured motor vehicle.

Minn.Stat. § 65B.49, subd. 3a(7). The parties agree this statute places geographic limits on uninsured motorist coverage, at least when the claimant wishes to extend coverage from another vehicle to his or her own uninsured automobile. Hanson, however, contends the limitation applies only to the occupant of a "motor vehicle," and the No–Fault Act elsewhere defines that term to mean "every vehicle other than a motorcycle or other vehicle with fewer than four wheels." Minn.Stat. § 65B.43, subd. 2. In other words, he claims the legislature specifically exempted motorcycles from the provision tying uninsured motorist coverage to the vehicle.

Hanson contends the statute is "clear and free from ambiguity," but the term "motor vehicle" is not unequivocally explained by Minn.Stat. § 65B.43, subd. 2. The definitions in section 65B.43 apply "except where the context clearly indicates a different meaning." Minn.Stat. § 65B.43, subd. 1. That same section provides another context for the term, defining "uninsured motor vehicle" as "a motor vehicle *or motorcycle* for which a plan of reparation security meeting the requirements of sections 65B.41 to 65B.71 is not in effect." Minn.Stat. § 65B.43, subd. 16 (emphasis added). Under section 65B.49, subd. 3a(7), an owned vehicle must be an "insured motor vehicle" to be eligible for uninsured motorist coverage, so coverage is denied for an owned but uninsured vehicle. The

more inclusive definition of "uninsured motor vehicle," then, might reasonably apply to subdivision 3a(7).

The full context of the 1985 amendments does not support Hanson's view the legislature meant to overturn *Nygaard* for automobiles but specifically preserve the rule for motorcycles. Those amendments reflect a broad policy decision to tie uninsured motorist and other coverage to the particular vehicle involved in an accident. Besides imposing a geographic limitation, the legislature eliminated stacking of underinsured and uninsured motorist coverage, Minn.Stat. § 65B.49, subd. 3a(6),[1] and prohibited stacking economic loss benefits unless the policyholder specifically elects that option, Minn.Stat. § 65B.47, subd. 7. The amendments also designated the occupied motor vehicle as the primary source of uninsured or underinsured motorist coverage, and otherwise limited the occupant's ability to collect additional like coverage. Minn.Stat. § 65B.49, subd. 3a(5). The legislature hoped, by these changes, to stem rising insurance costs, which it traced in part to prior law requiring expansive interpretation of vehicle insurance coverage. *See* Hearing on H.F. 345, before the Senate Committee on Economic Development and Commerce, 74th Leg. (April 16, 1985) (comments of Senator Petty, senate sponsor of the 1985 amendments).

Allowing a claimant to extend uninsured motorist coverage from an automobile to an owned but uninsured motorcycle runs counter to the thrust of the 1985 legislation. If the legislature meant to exclude motorcycles from the new policy, one would expect that choice to be clearly expressed. The term "motor vehicle" in section 65B.49, subd. 3a(7), is slim evidence of such a choice, particularly when we have previously held the restrictive definition in section 65B.43, subd. 2 "was never intended to apply to uninsured motorist coverage." *Gudvangen v. Austin Mutual Insurance Co.*, 284 N.W.2d 813, 817 (Minn. 1978). At the same time it created geographic limits on uninsured motorist coverage, the legislature moved the "uninsured motor vehicle" definition—which includes motorcycles—into the No–Fault Act's general definition section alongside the "motor vehicle" definition Hanson cites. It also seems significant *Nygaard* itself made no distinction between motorcycles and automobiles in extending uninsured motorist coverage to the person. We are not persuaded the legislation now permits that distinction, reversing the *Nygaard* rule for every case except those involving owned, uninsured motorcycles.

Michael K. Steenson, a No–Fault Act authority, agrees *Nygaard* is overruled:

> Subpart 7 * * * provides that uninsured and underinsured motorist coverages do not apply to bodily injury sustained by an insured while occupying an owned but uninsured motor vehicle. This provision overrides the Supreme Court's decision in *Nygaard v. State Farm Mutual Automobile Insurance Company.*

M. Steenson, *Minnesota No–Fault Automobile Insurance,* 9 (Supp.1986).

Hanson contends the language of section 65B.49, subd. 3a(7), permits his interpretation and the court should not look behind an unambiguous statute to avoid even an unintended result. We cannot say, though, the statute is free from ambiguity, given the various definitions and meanings of "motor vehicle" in the No–Fault Act. This imprecision is perhaps regrettable in an area already prone to litigation, but it compels us to reject Hanson's narrow construction.

We hold, therefore, Minn.Stat. § 65B.49, subd. 3a(7), precludes uninsured motorist coverage when the claimant at the time of the injury is riding an uninsured motorcycle he or she owns.[2]

---

1. *Cf. In the Matter of State Farm Mutual Auto Insurance Company,* 392 N.W.2d 558 (Minn. App.1986).

2. The trial judge posed the question without specifying that the claimant owns the motorcycle, though such are the facts here. We do not decide what effect section 65B.49, subd. 3a(7), might have on a claimant who does not own the motorcycle involved in the accident.

Certified question answered in the affirmative.