**MILWAUKEE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Mathew WILLEY, a minor, et al., Respondents.**

No. C8-91-1716.

Court of Appeals of Minnesota.

March 3, 1992.

Review Dismissed May 15, 1992.

Scott R. Suter, Webster & Baldwin, P.A., Saint Paul, for appellant.

Steven C. Pundt, Minneapolis, for respondents.

Considered and decided by FORSBERG, P.J., and KLAPHAKE and DAVIES, JJ.

### OPINION

FORSBERG, Judge.

Appellant Milwaukee Mutual Insurance Company brought a declaratory judgment action to determine whether underinsured

motorist coverage existed for the benefit of respondent Mathew Willey. Both parties moved for summary judgment. The district court granted summary judgment for respondents, finding that Mathew Willey was entitled to underinsured coverage for injuries sustained on his father's uninsured motorcycle. We affirm.

## FACTS

Appellant Milwaukee Mutual Insurance Company provided a combination automobile policy to respondents Richard and Patricia Willey effective on May 24, 1986. Respondent Mathew Willey, the minor child of Richard and Patricia Willey, resided in the same household, and was an insured under appellant's policy. The combination automobile policy covered respondents' 1985 Toyota Van. Respondents also owned a 1976 Suzuki motorcycle which was not insured by appellant or any other insurer. On June 7, 1986, while Richard Willey was driving the motorcycle with Mathew Willey as his passenger, he had an accident with a car. Mathew Willey was injured and recovered $30,000 from the driver of the car and his insurance company. Appellant and respondents agree that the accident was caused by the car driver's negligence. Respondents alleged that Mathew has a permanent disability including a limp, and required annual doctor's exams and treatment.

## ISSUES

1. Does Minn.Stat. § 65B.49, subd. 3a(7) (1986) preclude underinsured motorist coverage for an insured who was a passenger on an uninsured motorcycle owned and driven by a relative policyholder?

2. Do the policy exclusions preclude underinsured motorist coverage when at the time of the injury the injured claimant is riding on an uninsured motorcycle owned by a resident relative of the claimant?

## ANALYSIS

### I.

The question before the court is whether Minn.Stat. § 65B.49, subd. 3a(7)

precludes underinsured motorist coverage in this case. Minn.Stat. § 65B.49, subd. 3a(7) provides as follows:

> The uninsured and underinsured motorist coverages required by this subdivision do not apply to bodily injury of the insured while occupying a motor vehicle *owned by the insured,* unless the occupied vehicle is an insured motor vehicle.

(Emphasis added.) In *Hanson v. American Family Mut. Ins. Co.,* 417 N.W.2d 94 (Minn.1987), the court held that

> Minn.Stat. § 65B.49, subd. 3a(7), precludes uninsured motorist coverage when the claimant at the time of the injury is riding an uninsured motorcycle *he or she owns.*

*Id.* at 96 (emphasis added). In a footnote, the *Hanson* court said:

> We do not decide what effect section 65B.49, subd. 3a(7) might have on a claimant who does not own the motorcycle involved in the accident.

*Id.* at 96 n. 2. Since the statute literally does not apply to non-owner drivers, and there are certainly policy reasons why innocent passengers should not be denied coverage, we hold that there is coverage under the policy. The thrust of the statute is to encourage *owners* to insure all of their vehicles, which has nothing to do with passengers.

### II.

Appellant argued in its brief that this occurrence was excluded under the terms of its policy, but virtually conceded this issue in oral argument. Paragraph III B, entitled "Exclusions" of the Uninsured Motorist Coverage Endorsement states that:

> This endorsement does not apply:
>
> \*   \*   \*   \*   \*   \*
>
> B.   to bodily injury to an insured while occupying an *automobile* (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named *insured* or his/her rel-

atives while occupying or if struck by an *automobile owned* by an insured named in the schedule or his/her relatives.

(Emphasis added.) Since, in this case, the injured party was on a motorcycle and not an automobile, the exclusion does not apply. Appellant cites *Hanson* and *Roering v. Grinnell Mut. Reinsurance Co.*, 444 N.W.2d 829 (Minn.1989) as authority for inclusion, but the language in the policies in those cases referred to motor vehicles not automobiles.

Automobiles are defined as

[a] self propelled passenger vehicle that usually has *four wheels* and an internal combustion engine, used for land transport.

*American Heritage Dictionary* at 143 (2d ed. 1985). Moreover, any exclusion under the policy would be inconsistent with the statute, as previously explained, and therefore invalid. *Iverson v. State Farm Mut. Auto. Ins. Co.*, 295 N.W.2d 573, 575 (Minn. 1980).

## DECISION

Affirmed.