**Ka Ying VUE, et al., Appellants,**

**v.**

**STATE FARM INSURANCE COMPANIES, Respondent.**

**No. C1–97–632.**

Court of Appeals of Minnesota.

Sept. 9, 1997.

Review Granted Nov. 18, 1997.

[redacted]

[redacted]

Scott A. Teplinsky, Cameron M. Parkhurst, Katz & Manka, Ltd., Minneapolis, for appellants.

William M. Hart, Katherine A. McBride, Leatha G. Wolter, Meagher & Geer, P.L.L.P., Minneapolis, for respondent.

1.  Appellants originally claimed that the Skylark was insured under the State Farm policy as a "newly acquired vehicle." Following discovery, it was determined that the Skylark was not newly acquired and, therefore, was uninsured.

Considered and decided by KLAPHAKE, P.J., and DAVIES and PETERSON, JJ.

## OPINION

DAVIES, Judge.

Appellants challenge the district court's grant of summary judgment to respondent insurance company. The district court concluded that appellant wife was not entitled to uninsured motorist benefits because husband, the vehicle owner, failed to insure his second vehicle, the one involved in the accident. We reverse and remand.

## FACTS

Appellant Ka Ying Vue was a passenger in a Buick Skylark, owned and driven by her husband, appellant Ker Vang, when it was struck by an uninsured motorist. Respondent State Farm Insurance Companies insured Vang's van, but Vang had not insured the Skylark.[1]

Appellants brought suit against State Farm, claiming uninsured motorist benefits, for Vue's personal injuries and for Vang's loss of consortium.[2] Because the Skylark was not insured at the time of the accident, State Farm moved for summary judgment. The district court granted State Farm's motion for summary judgment.

## ISSUES

I.  Does an insurance policy provision that excludes uninsured motorist coverage for an insured, if occupying a second vehicle owned by the insured for which insurance has not been purchased, also bar coverage for the spouse?

II.  Does an insurance policy provision excluding uninsured motorist coverage for an insured when occupying a vehicle owned by the insured, but left uninsured, bar the vehicle owner's derivative loss of consortium claim?

2.  Vang also brought a separate suit against State Farm for his injuries. Vang's personal injury claim was dismissed by summary judgment; Vang did not appeal.

## ANALYSIS

On appeal from summary judgment, a reviewing court must determine: "(1) whether there are any genuine issues of material fact; and (2) whether the lower court erred in its application of the law." *Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn.1995). An issue of fact is material if it would affect the outcome of the case. *Zappa v. Fahey,* 310 Minn. 555, 556, 245 N.W.2d 258, 259–60 (1976). The evidence is to be viewed in the light most favorable to the non-moving party. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). On established facts, an insurance coverage issue is a question of law, which this court reviews de novo. *State Farm Ins. Cos. v. Seefeld,* 481 N.W.2d 62, 64 (Minn.1992).

### I.

The State Farm policy on Vang's van states:

THERE IS NO [UNINSURED MOTORIST] COVERAGE:

1. * * * FOR *BODILY INJURY* TO ANY *INSURED* WHILE *OCCUPYING:*

   a. A *MOTOR VEHICLE* OWNED OR LEASED BY THE *INSURED* IF IT IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE.

The district court, in granting State Farm's motion for summary judgment, determined that coverage was barred by this exclusion.[3] Vue argues that she is not an owner of the Skylark and therefore the policy exclusion is inapplicable.

The Minnesota No–Fault Automobile Insurance Act defines the owner of a motor vehicle as "a person, other than a lienholder or secured party, who owns or holds legal title to a motor vehicle." Minn.Stat. § 65B.43, subd. 4 (1996); *see also* Minn.Stat. § 169.01, subd. 26 (1996) (highway traffic regulations act defines owner as "a person who holds the legal title of a vehicle"). Un-

der this definition, Vang, who holds legal title to the Skylark, is the vehicle owner. State Farm does not dispute that Vang is the owner of the Skylark. State Farm, instead, attempts to extend ownership to Vue as a spouse of the owner. But Vue is not an owner of the motor vehicle and, therefore, the uninsured motorist policy exclusion does not apply to her. Until such time as the legislature expresses an intent to treat a spouse as a constructive owner, we cannot make such an extension.

State Farm contends that courts look at all relevant circumstances in establishing vehicle ownership. Here, however, there are no relevant circumstances to establish that Vue owns the Skylark. The record indicates that Vang purchased and titled the car in his name only. The fact that Vue is a licensed driver does not indicate that she owns the car. Therefore, we hold that the policy exclusion is inapplicable and the district court erred in denying Vue uninsured motorist benefits.

### II.

State Farm argues that the policy excludes Vang, as owner of the Skylark, from recovering loss of consortium benefits resulting from his wife's injuries. Loss of consortium benefits derive from an injured spouse's cause of action against a tortfeasor. *Huffer v. Kozitza,* 375 N.W.2d 480, 482 (Minn.1985). Further, loss of consortium is not itself a "bodily injury" but is, rather, an injury to the marriage relationship. *See Huffer,* 375 N.W.2d at 482 ("Consortium involves the mutual and reciprocal privileges and duties of the marriage relationship."). Because the uninsured motorist exclusion of the policy denies coverage only for bodily injury, Vang is not excluded from recovering loss of consortium benefits.

### DECISION

The district court erred in granting summary judgment. We reverse and remand for

---

**3.** Vue also argues that coverage was denied (and summary judgment granted) "under the false assumption that the 1985 Buick Skylark is the 'uninsured vehicle.'" To the extent (if any) this may have been the basis of the district court's decision, we agree with Vue. The Skylark is not the uninsured vehicle on which the uninsured motorist benefits are claimed. Vue is asserting an uninsured motorist claim based on the uninsured status of the other driver and his vehicle.

trial on Vue's injuries and on Vang's loss of consortium claim.

**Reversed and remanded.**