**Ka Ying VUE, et al., Respondent,**

v.

**STATE FARM INSURANCE COMPANIES, petitioner, Appellant.**

**No. C1–97–632.**

Supreme Court of Minnesota.

Aug. 6, 1998.

Meagher & Geer, P.L.L.P., William M. Hart, Katherine A. McBride, Leatha G. Wolter, Minneapolis, for appellant.

Katz & Manka, Ltd., Scott A. Teplinsky, Cameron M. Parkhurst, Minneapolis, for respondent.

OPINION

GARDEBRING, Justice.

In this case, an automobile insurer challenges the presumption, created by statute and case law, that the person named on an automobile title as buyer is the vehicle's owner. Instead, the insurer, relying on the theories of joint ownership arising out of marital dissolution laws, asks us to establish a presumption that the spouse of the individual named on the vehicle title is also an owner. Because we find no basis in the Minnesota

No–Fault Act or in our previous cases for such a position, we reject the insurer's claim and affirm the court of appeals.

Respondent Ka Ying Vue was a passenger in a 1985 Buick Skylark driven by her husband Ker Vang on January 22, 1996, when the car was involved in a collision with an uninsured stolen motor vehicle.[1] The Buick Skylark title named only Vang as the buyer of the vehicle; it was not insured at the time of the collision. However, appellant State Farm Insurance Companies ("State Farm") had issued an insurance policy covering Vang's other vehicle, a 1979 Chevrolet van, and Vue was an additional insured under that policy. Vue filed suit against State Farm, claiming uninsured motorist benefits under the State Farm policy covering the Chevrolet van, based on the uninsured status of the stolen vehicle.

State Farm filed a motion for summary judgment against Vue, claiming that Vue was not covered under the policy because she was occupying an owned but uninsured vehicle at the time of the accident. The district court granted State Farm's motion for summary judgment, concluding that there was no coverage because: (1) the Buick Skylark was not an "uninsured vehicle" under the policy, which excluded uninsured motorist coverage if the uninsured vehicle was one "[o]wned by or furnished or available for the regular use of you or any family member;" and (2) the Buick Skylark was a "family vehicle," and therefore the exclusion for injury "to any insured while occupying a motor vehicle owned or leased by the insured if it is not insured for uninsured motor vehicle coverage" was applicable to Vue's claim.

On appeal, the court of appeals reversed. *See Vue v. State Farm Ins. Companies*, 568 N.W.2d 527 (Minn.App.1997). The court held that Vang, who held legal title to the Buick Skylark, was the vehicle owner, and not Vue. *Id.* at 529. Since Vue was not an owner of the Buick Skylark, the court held that the exclusion for injury "to any insured while occupying a motor vehicle owned or leased by the insured" did not apply to Vue. *Id.* The court also held that, to the extent the trial court based its decision on the uninsured status of the Buick Skylark, the court erred in granting summary judgment, since the claim for coverage was based on the uninsured status of the other vehicle involved in the collision, and not on the uninsured status of the Buick Skylark. *Id.* at fn. 3. State Farm now appeals.

On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Vesta State Bank v. Independent State Bank*, 518 N.W.2d 850, 853 (Minn.1994). Questions of statutory construction are questions of law, and thus subject to de novo review. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Interpretation of an insurance policy, and its application to the facts of the case, are likewise questions of law. *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992).

Although State Farm concedes that Vue has alleged facts sufficient to establish a prima facie case of coverage for uninsured motorist benefits, the insurer argues that Vue is nevertheless precluded from receiving benefits because of an exclusionary clause in the policy.[2] The policy on the Chevrolet van

---

1. Since the vehicle that collided with the Buick Skylark was a stolen vehicle, it was uninsured for purposes of this litigation. The driver of the stolen vehicle ran through a stop sign while attempting to elude police.

2. In an action to determine insurance coverage, the insured bears the initial burden of proof to establish a prima facie case of insurance coverage and entitlement to benefits. *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 311 (Minn. 1995). Once the insured has established a prima facie case of coverage, the burden shifts to the insurer to prove the applicability of any exclusionary clause asserted as an affirmative defense

to the insured's claim of coverage. *Id.* at 313. The policy covering the Chevrolet van provided that State Farm "will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle." In the present case, Vue is an insured under the Chevrolet van policy, which defines an insured, in relevant part, as "1. the first person named in the declarations; [and] 2. his or her spouse." Vang was the insured under the van policy; thus, his spouse Vue is also an insured. Further, the Minnesota No–Fault Act, Minn.Stat. §§ 65B.41–

provides that "there is no [uninsured motorist] coverage * * * for bodily injury to any insured while occupying a motor vehicle owned or leased by the insured if it is not insured for uninsured motor vehicle coverage." State Farm argues that Vue is a co-owner of the Buick Skylark that she was occupying at the time of the accident and was therefore "occupying a motor vehicle owned or leased by the insured." Thus, it is State Farm's position that she is barred from recovering uninsured motorist benefits under the policy.

Both parties agree that the sole issue on review is whether Vue is an owner of the uninsured Buick Skylark. If Vue is an owner, the exclusionary clause would apply to preclude coverage for her injuries; if Vue is not an owner, then the exclusionary clause would not apply and Vue would be entitled to receive uninsured motorist benefits as an "insured" under her husband's policy on the Chevrolet van.[3]

The State Farm policy does not define the "owner" of a motor vehicle. However, the legislature has provided guidance on this issue. The Minnesota No–Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1996) (hereinafter, "No–Fault Act") defines an "owner" of a motor vehicle as "a person, other than a lienholder or secured party, who owns or holds legal title to a motor vehicle or is entitled to the use and possession of a motor vehicle." Minn.Stat. § 65B.43, subd. 4. Vue's husband Vang is listed on the title as the sole buyer of the vehicle. This court has previously established that the certificate of title creates a rebuttable presumption of ownership for purposes of both the No–Fault Act and the Motor Vehicle Certificate of Title Act, Minn.Stat. ch. 168A (1996). *Arneson v. Integrity Mut. Ins. Co.,* 344 N.W.2d 617, 618

(Minn.1984). We have also made clear that a party may introduce extrinsic evidence to rebut the presumption and prove that someone else actually owns the vehicle in question. *Id.*

State Farm, however, argues that as the spouse of the owner named on the title, Vue is a presumptive co-owner of the vehicle. To support its argument, State Farm points to the statutory presumption in marital dissolution that any property acquired during a marriage "by the parties * * * to a dissolution, legal separation, or annulment" is presumed to be marital property "regardless of whether title is held individually or by the spouses in a form of coownership." Minn. Stat. § 518.54, subd. 5 (1996). State Farm argues that the same deference accorded to the marital relationship in the context of property division for dissolution purposes should be constructively applied to the marital relationship in the context of motor vehicle insurance.

As additional support for its general argument that Vue is not entitled to receive uninsured motorist benefits, State Farm directs our attention to the policy enunciated in *Hanson v. American Family Mut. Ins. Co.,* 417 N.W.2d 94 (Minn.1987). In *Hanson* and its progeny, this court recognized that the 1985 amendments to the Minnesota No–Fault Act "reflect a broad policy decision to tie uninsured motorist * * * coverage to the particular vehicle involved in an accident." *Id.* at 96. *Hanson* interpreted the 1985 amendments to preclude uninsured motorist coverage where the injured claimant was driving his own uninsured vehicle but owned another insured motor vehicle.[4] *Id.* The amendments provided in part:

(7) The uninsured and underinsured motorist coverages required by this subdivi-

---

[3]. At oral argument, State Farm conceded that under our prior holdings, *"the insured"* in the exclusionary clause must be construed as the

.71 (1996) (hereinafter, "No–Fault Act"), provides that an insured, for purposes of the act, includes "the named insured and the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) not identified by name in any other contract * * * as an insured: (1) a spouse." Minn.Stat. § 65B.43, subd. 5.

same person as *"any insured"* earlier in the clause. *See Hogs Unlimited v. Farm Bureau Mut. Ins. Co.,* 401 N.W.2d 381, 384–85 (Minn.1987). Thus, the exclusionary clause would apply to Vue only if Vue owns the Buick Skylark.

[4]. In *Hanson,* we expressly reserved the question of "what effect section 65B.49, subd. 3a(7), might have on a claimant who does not own the [vehicle] involved in the accident." *Hanson,* 417 N.W.2d at 96, n. 2.

sion do not apply to bodily injury of the insured while occupying a motor vehicle owned by the insured, unless the occupied vehicle is an insured motor vehicle.

Minn.Stat. § 65B.49, subd. 3a(7). In the present case, however, this statutory provision does not apply, for the same reason that the policy provision that mirrors it does not apply—because, based on the present state of the record, there is no indication that Vue was occupying a motor vehicle she owned.

State Farm also argues that Minn.Stat. § 65B.49, subd. 3a(5) should operate to preclude benefits for Vue in this case. That section provides that

(5) If at the time of the accident the injured person is occupying a motor vehicle, the limit of liability for uninsured and underinsured motorist coverages available to the injured person is the limit specified for that motor vehicle. However, if the injured person is occupying a motor vehicle of which the injured person is not an insured, the injured person may be entitled to excess insurance protection afforded by a policy in which the injured party is otherwise insured.

Minn.Stat. § 65B.49, subd. 3a(5). Vue was certainly occupying a motor vehicle at the time of the accident. Ordinarily, subdivision 3a(5) would operate to require the injured occupant to look first and exclusively to the policy limits on the occupied vehicle for uninsured motorist benefits. However, the statute allows an injured occupant to look to another policy that might provide coverage, if the injured person is not an "insured" of the motor vehicle occupied. Since no insurance policy, as required by the No–Fault Act, existed for the Buick Skylark at the time of the accident, Vue was not an "insured" of that vehicle and can look to the policy on the Chevrolet van, under which she is an insured.

We also find the trial court's reliance on *Petrich ex rel. Lee v. Hartford Fire Ins. Co.,* 427 N.W.2d 244 (Minn.1988) to be misplaced. The issue in *Petrich* was whether an insured stepson could collect uninsured motorist benefits from his stepfather's policy after a single-car collision in an uninsured motor vehicle owned by the stepfather. *Id.* at 245. The key difference between *Petrich* and this

case is that in *Petrich* it was the uninsured status of the *occupied* vehicle that was asserted in order to claim uninsured motorist benefits. However, in this case the *other* vehicle involved in the collision was uninsured, forming the basis of Vue's claim for uninsured motorist benefits.

In the face of applicable statutory language, our previous cases and even the provisions of its own policy, State Farm urges this court either to recognize a new rebuttable presumption, that the spouse of the person named on the title as the vehicle's owner is also a co-owner of the vehicle, or to read into the statute and contract at issue prohibitions that simply do not exist. We decline to do either.

No-fault automobile insurance is not judicially created, but the product of statute and contract. We recognize the legislative interest in requiring owners of motor vehicles in this state to maintain insurance policies to compensate for losses associated with maintenance or use of a motor vehicle. *See* Minn. Stat. § 65B.42(1). We also recognize the policy argument that "a family owning two motor vehicles should not be permitted to pay for insurance on only one and recover benefits for injuries sustained while operating the other." *Nygaard v. State Farm Mut. Auto. Ins. Co.,* 301 Minn. 10, 18–19, 221 N.W.2d 151, 156 (1974). However, there is no provision in either the No–Fault Act or the State Farm insurance policy before us that precludes uninsured motorist coverage on the facts of this case, as presently developed. Further, we think that to import into the tightly drafted statutory scheme of no-fault insurance, property concepts from marital dissolution, another statutory creature, is to risk disrupting both areas of the law and creating significant unintended consequences.

Finally we note that State Farm is not without a remedy. Both the statute and the contract provide a mechanism by which State Farm can rebut the statutory presumption that Vang, as the sole owner listed on the title, is the sole owner of the Buick Skylark. We cannot attribute to Vue ownership of the Buick Skylark when State Farm has not even inquired into the factual basis for its claim

that she is an owner of the Buick. On remand, State Farm may yet delve into the factual questions behind the naked title to establish "use or possession" of the Skylark by Vue to prove that Vue is an owner of the Buick Skylark. On summary judgment, however, we are limited to the record before us, which is devoid of any such extrinsic evidence to rebut the presumptive evidence of the title that Vang is the sole owner of the Buick Skylark.

We emphasize that our holding today is limited to the issue before us. We simply hold that, in the absence of extrinsic evidence to rebut the presumption that the injured claimant is not an owner of the vehicle she was occupying at the time of the accident, the exclusionary clauses in the policy and Minn.Stat. § 65B.49, subds. 3a(5), (7) do not preclude uninsured motorist benefits. Accordingly, we affirm the decision of the court of appeals, reversing the trial court's grant of summary judgment in favor of State Farm.

Affirmed and remanded for proceedings consistent with this opinion.